IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RONALD K HARDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:18-cv-01345-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES INC, WAL-MART STORES EAST LP, WIN-HOLT EQUIPMENT CORP, WIN-HOLT EQUIPMENT GROUP, NATIONAL CART CO WEST INC, and JARED WORLEY | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on Ronald Hardrick's ("Hardrick") motion to remand, ECF No. 10. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Hardrick originally filed suit in the Jasper County Court of Common Pleas against Wal-Mart Stores Inc and Wal-Mart Stores East LP (together, "Wal-Mart"), Win-Holt Equipment Corp and Win-Holt Equipment Group (together, "Win-Holt"), National Cart Co West Inc ("National"), and Jared Worley ("Worley") (collectively, "defendants"). on May 16, 2015, Hardrick was making a delivery to the Wal-Mart store in Jasper County, South Carolina. Hardrick claims that, while transferring pizzas from a handcart over to the lower shelf of a Rocket Cart, a product made by some of the defendants, the upper shelf fell and hit him on the head, causing injury. Hardrick alleges that the Rocket Cart has a propensity to fall due to design and manufacturing defects. Hardrick brings the following causes of action: (1) negligence, as to Wal-Mart, Win-Holt, and Worley; (2)

1

strict liability under S.C. Code § 15073-10 as to Wal-Mart and Win-Holt; and (3) breach of express and implied warranties as to Wal-Mart, Win-Holt, and National.

On May 16, 2018, Wal-Mart removed the case.[1] On June 14, 2018, Hardrick filed a motion to remand. ECF No. 10. On June 28, 2018, defendants filed a response. ECF No. 13. On July 5, 2018, Hardrick filed a reply. ECF No. 14. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

As the party seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted), Pohto v. Allstate Ins. Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal

---

[1] Wal-Mart's notice of removal states that the "Notice of Removal is asserted on behalf of only Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P., [ ] and not on behalf of any other defendant." ECF No. 1, n. 1. However, in later briefings and at the hearing on this motion, Wal-Mart stated that it also represents Worley, which would justify Wal-Mart's failure to obtain Worley's consent prior to removing the action. The court cautions Wal-Mart's attorneys to provide greater clarity in future notices of removal about (1) who they represent in the entire action and for the purpose of the removal and (2) whether all of the other defendants have affirmatively consented to removal.

courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III. DISCUSSION

Federal district courts have jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); see also Martinez v. Duke Energy Corp., 130 F. App'x 629, 634 (4th Cir. 2005) ("It is well settled that, in order to maintain an action in federal district court based upon diversity jurisdiction, complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed."). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(a)(2); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Hardrick states in his complaint that he "is a citizen and resident of Savannah, Georgia." ECF No. 1-1 ¶ 1. Wal-Mart is a citizen of Delaware and Arkansas. Win-Holt's exact residency has not yet been determined, but the complaint states that its principle place of business is outside of South Carolina. National's principle place of business is also outside of South Carolina. Worley is a citizen and resident of South

3

Carolina. As a "part[y] in interest properly served as [a] defendant," Worley's citizenship in South Carolina prevents the case from being removed to federal court. § 1441(a)(2).

Wal-Mart argues that Worley was fraudulently joined and should be dismissed from the case, which would allow the case to be removed to federal court. "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Id. This heavy burden requires that the party alleging fraudulent joinder demonstrate that, "after resolving all issues of law and fact in the plaintiff's favor," the plaintiff cannot establish a valid claim. Id.

Wal-Mart has not alleged that Hardrick engaged in outright fraud in joining Worley. Thus, the court must determine whether, after resolving all issues of law and fact in Hardrick's favor, there is any possibility that Hardrick could establish a negligence cause of action against Worley. To bring a successful negligence claim, a plaintiff must demonstrate that (1) the defendant owed her a duty of care, (2) the defendant breached this duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered an injury. Dorrell v. S.C. Dep't of Transp., 361 S.C. 312 (2004). "A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty." Sides v. Greenville Hosp. Sys., 607 S.E.2d 362, 364 (S.C. Ct. App. 2004). Generally, property

owners only have a duty to warn invitees of "latent or hidden dangers of which the property owner has or should have knowledge," and are not obligated to warn others of "open and obvious conditions." Id. A non-owner who otherwise operates the premises may also have a duty of care. Dunbar v. Charleston & W.C. Ry. Co., 44 S.E.2d 314, 317 (S.C. 1947). "In considering whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage . . . or oversee the management of the property." Benjamin v. Wal-Mart Stores Inc., 413 F.Supp.2d 652, 656–57 (2006).

Wal-Mart argues that South Carolina negligence law does not create an affirmative duty to maintain safe premises of a store merely by virtue of being an employee because "[t]o hold otherwise would expose lower management . . . to burdensome personal liability every time an individual is injured within a store." ECF No. 1 at 3, quoting Benjamin, 413 F.Supp.2d at 657. Benjamin involved a negligence action against the manager of a particular department of a Wal-Mart, not the manager of the entire store, as is the case here. The court in Benjamin found that the department manager had been fraudulently joined because the plaintiffs failed to allege any facts suggesting that the department manager "exerted a level of control over the premises unusual for an employee or department manager." Specifically, the court noted that "[o]ne does not have an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control over the business." Id. at 656.

Here, Hardrick has brought a negligence cause of action against Worley for his failure to warn Hardrick of the shelf's dangers and in continuing to use the dangerous

5

item in his store.  He has clearly alleged that, as manager for the entire store, Worley exerted a high level of control over the premises.  It is conceivable that Hardrick could demonstrate, after adequate discovery, that Worley did exercise "such control of the premises so as to impose a duty to reasonably inspect the premises" and that Worley did in fact owe a legal duty to people in the store to ensure that there were no hazards.  It is also possible that Hardrick might prove that this Rocket Cart was a known hazard that should have been repaired or replaced by Worley.  Considering the high standard for fraudulent joinder, and resolving all questions of law and fact in Hardrick's favor, the court finds that Worley was not fraudulently joined.

Thus, the court finds that, due to one the defendants being a resident of South Carolina, the case cannot be removed to federal court.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

                          **DAVID C. NORTON**
                          **UNITED STATES DISTRICT JUDGE**

**August 15, 2018**
**Charleston, South Carolina**